UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

KAREN M. DETTELIS,
    Plaintiff

v.

WELTMAN WEINBURG & REIS CO., L.P.A.,
    Defendant

10 CV 831

Civil Action No.:

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

KAREN M. DETTELIS ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WELTMAN WEINBURG & REIS CO., L.P.A. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Plaintiff resides in the State of New York and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in New York with a mailing address of 23 Smith Ave., Delevan, NY 14042.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection organization with an office located at 1400 Koppers Building, 436 Seventh Ave., Pittsburgh, PA 15219.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and

provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

17. Defendant, first contacted plaintiff via telephone call, attempting to collect the alleged debt, in or around April 2010.

18. During that initial correspondence Defendant refused to inform Plaintiff of the identity of the original creditor.

19. Plaintiff never received notification in writing within 5 days of initial contact by Defendant of her right to dispute and/or to obtain validation of the alleged debt.

20. During April 2010, Defendant called Plaintiff almost every day.

21. During the above time frame, Plaintiff received on average, more then two (2) collection calls a day from Defendant, sometimes receiving more than four (4) calls per day.

22. Defendant, representing that it was seeking to acquire location information contacted three (3) of Plaintiff's friends and family members

Defendant when it already knew it possessed accurate location information, and as such Plaintiff believes such contacts were made solely for harassment and embarrassment of Plaintiff.

23. Defendant informed the above-identified third persons that Plaintiff "owes a debt" and identified itself as a debt collector.

24. Defendant has continued to contact Reginald Goodrich even after being explicitly advised that Mr. Goodrich is elderly, battling cancer, and wishes not to be contacted.

25. Defendant has also continued to contact Plaintiff, even after being told not to do so, solely to harass Plaintiff.

26. During telephone conversation, Defendant has accused Plaintiff of being a "liar".

27. Defendant has further stated to Plaintiff that she is "living a lie", and that her husband "should be ashamed" of her.

28. During one particular call placed at 8:01 a.m, Plaintiff informed Defendant that she did not wish to receive the call at that hour, but Defendant's collector refused to terminate the phone call.

29. Very often, Defendant would place calls without disclosure of its identity.

30. Defendant threatened legal action but as of the date of this filing, has not to Plaintiff's knowledge, initiated suit.

31. Defendant on one occasion threatened to enter a judgment if Plaintiff did not pay within a week.

32. Defendant demanded a bank account number from Plaintiff.

33. During a telephone call in April, Defendant used profane language when speaking to Plaintiff's husband, and told husband that his wife is a liar.

- 5 -

34. Defendant's actions in attempting to collect the alleged debt were not only harassing and bothersome, but also deceptive and a significant invasion of privacy.

## CONSTRUCTION OF APPLICABLE LAW

35. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

36. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

37. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a

false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. In its actions and methods to collect a disputed debt, Defendant violated the FDCPA in the following ways:

    a. Stating that Plaintiff owes a debt in communicating with persons other then Plaintiff for the purpose of acquiring location information, in violation of 15 USC § 1692b(2);

    b. Communicating with persons other then Plaintiff for the purpose of acquiring location information more then once without Plaintiff's permission to do so, in violation of 15 USC § 1692b(3);

    c. Without the permission of Plaintiff, communicating with persons other then Plaintiff, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector, in violation of 15 USC § 1692c(b);

    d. Engaging in conduct of which the natural consequence is to harass, oppress, or abuse Plaintiff in connection with the

  collection of the alleged debt, in violation of 15 USC § 1692d;

e. Using obscene and profane language, and language of which the natural consequence is to abuse the hearer, in violation of 15 USC § 1692d(2);

f. Causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass, in violation of 15 USC § 1692d(5);

g. Placing telephone calls without meaningful disclosure of the caller's identity, in violation of 15 USC § 1692d(6);

h. Using false, deceptive, and misleading representation or means in connection with the collection of the alleged debt, in violation of 15 USC § 1692e;

i. Falsely representing that Defendant is an attorney, and that communication is from an attorney, in violation of 15 USC § 1692e(3);

j. Threatening to take action that cannot legally be taken or is not intended to be taken, in violation of 15 USC § 1692e(5);

k. Using false representation and deceptive means to attempt to collect the alleged debt, in violation of 15 USC § 1692e(10);

l. Failing to, within five days after the initial contact with Plaintiff in connection with the collection of the alleged debt, send the consumer a written notice containing any of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the validity of the debt within 30 days of the initial

communication the debt will be assumed to be valid, a statement that is the consumer disputes the debt in writing within the 30 day period the debt collector is required to verify the debt, a statement that, upon written request within the 30 day period, the debt collector will provide the consumer with the name and address of the original creditor, in violation of 15 USC § 1692g(a), 15 USC § 1692g(a)(1), 15 USC § 1692g(a)(2), 15 USC § 1692g(a)(3), 15 USC § 1692g(a)(4), 15 USC § 1692g(a)(5);

m. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff, KREN M. DETTELIS, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAREN M. DETTELIS, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C

Date 10-13-10

By: _____
Craig Thor Kimmel
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com